IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2012

## STATE OF TENNESSEE v. ALEXANDER FULLER

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2010-D-2973     Steve R. Dozier, Judge**

**No. M2012-00734-CCA-R3-CD - Filed March 5, 2013**

The appellant, Alexander Fuller, appeals the Davidson County Criminal Court's revoking his probation for theft of property valued one thousand dollars or more but less than ten thousand dollars and ordering that he serve his eight-year sentence in confinement. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, and ROGER A. PAGE, JJ., joined.

Jeffrey A. DeVasher (on appeal), Rose Mary Drake (on appeal), and Kevin Griffith (at trial), Nashville, Tennessee, for the appellant, Alexander Fuller.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On February 24, 2011, the appellant pled guilty as charged to theft of property valued one thousand dollars or more but less than ten thousand dollars, a Class D felony. Pursuant to the plea agreement, he was sentenced as a Range III, persistent offender to eight years to be served on supervised probation. At the guilty plea hearing, the State gave the following factual account of the crime:

[O]n or around February 12th, 2010, Nashville Electric Service

had several items stolen, specifically five steel arms stolen from a construction site at Brick Church Pike and Briley Parkway. Four of the large steel arms were taken from the site and subsequently taken to Metal Management at 1840 Linder Industrial Drive and cashed in for money. That was done by the defendant, Mr. Fuller, on February 15, 2010. Pictures of the defendant as well as the vehicle that he used and his driver's license were obtained from Metal Management that assisted in identifying the defendant.

On January 11, 2012, the appellant's probation supervisor filed a probation violation affidavit, claiming that the appellant violated his probation by being arrested on December 19, 2011, for violating the sex offender registration law and by moving to a different residence without informing his supervisor. The trial court issued a probation violation warrant, and the appellant was arrested.

At the appellant's probation revocation hearing, Aaron Blanchard of the Tennessee Board of Probation and Parole's Sex Offender Unit testified that he began supervising the appellant on December 14 or 15, 2011. He filed the probation violation affidavit on January 11, 2012, because the appellant was arrested for violating the sex offender registration law and moved to a different residence without giving the new address to Blanchard. The appellant's previous probation supervisor, Twanna Scales-Richardson, also had filed a probation violation affidavit for the appellant's violating the sex offender registration law. Therefore, the violation of the sex offender registration law at issue in this case was the appellant's second violation.

Blanchard testified that in 1988, the appellant was convicted of the rape and sexual battery of his fifteen-year-old daughter. Given that the victim was the appellant's child, Tennessee law prohibited him, a registered sex offender, from residing with any children. Blanchard received information that the appellant was living with the appellant's children. On December 19, 2011, Blanchard went to the appellant's registered address, 1107 North Second Street in Nashville. When Blanchard arrived at the home, he knocked on the door for several minutes. A man finally answered the door and told Blanchard that the appellant had moved three or four months ago and was living in a home down the street with a woman and her children. Blanchard went to the second home at 1023 North Second Street and saw the appellant's ten-year-old son run into the house. The appellant and his girlfriend were standing in the doorway. The appellant came outside and told Blanchard that he had been staying there one or two nights per week and that he had clothes there. Blanchard went into the house and found the appellant's clothes in numerous places. He also saw a child two or three months old in the living room. Blanchard learned that the appellant and his girlfriend

had had a child in September 2011.

Blanchard testified that he found infant and preteen toys, including a bicycle, in the home, and Blanchard found a pile of the appellant's dirty laundry. Blanchard stated that the appellant said "he wouldn't keep staying there, that he would go back up the street." The appellant did not tell Blanchard the amount of time he had been staying at the home. A police officer who had gone to the house with Blanchard searched the appellant's person and found a state-issued identification card for the appellant's ten-year-old son. The address on the card was 1107 North Second Street. Given that the appellant was not allowed to reside with children, his staying in the home at 1023 North Second Street was a violation of the sex offender registration law and, therefore, a violation of the appellant's probation. The appellant also violated his probation by failing to inform Blanchard that he had moved to another location.

On cross-examination, Blanchard testified that the appellant claimed he still lived at 1107 North Second Street and that he spent one or two nights per week at 1023 North Second Street. Blanchard said that spending one or two nights per week at the home would be four to eight nights per month, establishing a secondary residence for the appellant. The appellant told Blanchard that he had some "church clothes" hanging in a closet at 1023 North Second Street, and Blanchard found the clothing. Blanchard did not look for the appellant's mail at the residence or check to see if the utilities were registered in the appellant's name. Blanchard did not record the name of the man he spoke with at 1107 North Second Street.

After taking the matter under advisement, the trial court filed a written order in which the court revoked the appellant's probation and ordered that he serve his sentence in confinement. Specifically, the trial court stated, "In this case, the defendant resided with minor children contrary to the statute and at a different location [than] he had informed his supervising officer. . . . Based upon the proof, the Court finds the defendant to be in violation of the terms of his probation and his sentence is placed into effect."

## II. Analysis

The appellant contends that the trial court erred by revoking his probation because Blanchard's testimony was insufficient to establish by a preponderance of the evidence that he moved his residence or that he established a "secondary residence." He also argues that even if the State established a probation violation, the trial court erred by placing his entire sentence into effect. The State contends that the trial court did not abuse its discretion. We agree with the State.

Upon finding by a preponderance of the evidence that the appellant has violated the

terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010). Upon revoking probation, a trial court has the authority to order the appellant to serve the original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Tennessee Code Annotated 40-39-203(a)(1), part of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, provides,

> Within forty-eight (48) hours of establishing or changing a primary or secondary residence, establishing a physical presence at a particular location, becoming employed or practicing a vocation or becoming a student in this state, the offender shall register or report in person, as required by this part. Likewise, within forty-eight (48) hours of release on probation or any alternative to incarceration, excluding parole, the offender shall register or report in person, as required by this part.

Relevant to this appeal, Tennessee Code Annotated section 40-39-202(18) defines a "secondary residence" as "a place where the person routinely abides, lodges or resides for a period of four (4) or more consecutive or nonconsecutive days in any month and that is not the person's primary residence, including any out-of-state address."

The appellant told Blanchard that he was staying in the second home one or two nights per week, which equates to four to eight nights per month. The appellant also told Blanchard that he "wouldn't keep staying there" and that he "would go back up the street." Blanchard found the appellant's church clothes hanging in a bedroom closet and a pile of the appellant's dirty laundry in the home. The evidence showed by a preponderance of the evidence that the appellant had established, at a minimum, a secondary residence at 1023 North Second Street, where his minor children were living, and that he failed to notify his probation supervisor. Therefore, the trial court did not abuse its discretion by revoking his probation.

Upon revoking probation, the trial court had the authority to order the appellant to serve his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e);

State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). This court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 (Nashville, Feb. 10, 1999); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 136, at *7 (Nashville, Feb. 11, 2002). Therefore, the trial court did not err by ordering the appellant to serve his original sentence in confinement.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE